UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRUCE S.,

                                                                                          <u>DECISION AND ORDER</u>

                                               Plaintiff,

                                                                                        19-CV-1607L

                    v.

ANDREW SAUL,
Commissioner of Social Security,

                                               Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). This action is brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On August 1, 2016, plaintiff, then fifty-seven years old, filed an application for supplemental security income, alleging disability beginning March 1, 2015. (Administrative Transcript, Dkt. #6 at 15). His application was initially denied. Plaintiff requested a hearing, which was held September 4, 2018 via videoconference before Administrative Law Judge ("ALJ") David F. Neumann. The ALJ issued an unfavorable decision on December 5, 2018. (Dkt. #6 at 15-27). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 1, 2019. (Dkt. #6 at 1-3). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for the calculation and payment of benefits or for further proceedings (Dkt. #8), and the Commissioner has cross moved (Dkt. #10) for judgment on the pleadings, pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below,

the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the decision appealed-from is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520.

The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's health records, including those relative to deep venous thrombosis of the right leg, and constriction of the visual field and blindness in the right eye, which the ALJ determined together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #6 at 17). The ALJ also considered, among other things, plaintiff's mental health records reflecting sporadic treatment for depression and polysubstance abuse. However, the ALJ determined that these were not "severe" impairments.

Upon review of the record, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform medium work, except that plaintiff must avoid unprotected heights, dangers, and driving a motor vehicle, and can no more than occasionally climb ladders, ropes or scaffolds. (Dkt. #6 at 20). When asked at the hearing whether a person with this RFC could perform plaintiff's past relevant work as a janitor, vocational expert Margaret E. Heck testified that they could. When asked if there were additional positions a person with this RFC could also perform, Ms. Heck identified the representative positions of patient transporter, pall bearer, and cleaner II. (Dkt. #6 at 25-26). The ALJ accordingly found plaintiff "not disabled."

## I.     The ALJ's Step Two Finding

Plaintiff first argues that the ALJ erred in declining to find that his depression was a "severe" impairment at step two.[1]

Notwithstanding the ordinary meaning of the word "severe," the second step's evidentiary requirement is *de minimis*, and is intended only to screen out the truly weakest of cases. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). Thus, a step two finding of "not severe" is only appropriate where "the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect'" on an individual's ability to perform basic work activities. *Rosario v. Apfel*, 1999 U.S. Dist. LEXIS 5621 at *14 (E.D.N.Y. 1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n.12 (1987)). "Basic work activities" are the "abilities and aptitudes necessary to do most jobs," and they include physical, postural and sensory functions, as well as mental functions like understanding, carrying out, and remembering simple instructions, use of judgment, responding appropriately to supervision, co-workers and usual work situations, and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b), 416.921(b).

Here, the ALJ applied the special technique and found that plaintiff had "no limitations" in any of the four areas of mental functioning (understanding, remembering and applying information; interacting with others; concentration, persistence and pace; and ability to adapt and manage oneself). Specifically, the ALJ noted that plaintiff's treatment records showed that he was consistently cooperative and well-oriented upon examination, with normal concentration and attention and fair-to-normal insight and judgment. Furthermore, neither consulting psychologist

---

[1] Plaintiff also indicated that polysubstance abuse was a severe mental impairment. However, even assuming *arguendo* that the ALJ erred in failing to include polysubstance abuse among plaintiff's severe impairments, such error is harmless, as the ALJ's decision explicitly "considers the claimant's substance abuse and how it impacts his functioning." (Dkt. #6 at 23). *See Poles v. Berryhill*, 2018 U.S. Dist. LEXIS 49480 at *7 (W.D.N.Y. 2018) (an ALJ's failure to characterize an impairment as "severe" is harmless where the ALJ nonetheless considers the "combined effects of all impairments," both severe and non-severe, in making his RFC finding).

Dr. Susan Santarpia, nor State Agency reviewer Dr. D. Bruno, found that plaintiff had any significant mental limitations. (Dkt. #6 at 18-19).

Plaintiff argues that the ALJ overlooked evidence from his sporadic mental health treatment between 2015 and 2018, during which he was diagnosed with major depressive disorder with psychotic features and anxiety disorder, and that the ALJ failed to sufficiently credit Dr. Santarpia's opinion that plaintiff is mildly limited in making appropriate decisions. (Dkt. #7 at 302).

Plaintiff's mental health treatment records consistently indicate that his mood, affect, thought processes, attention and concentration, and memory etc. are normal and intact, and that his judgment is "fair" or better. His symptoms are typically described as stable, "mild" and "improving," with occasional increases attributable to outside stresses (e.g., death of a close family member) which are "alleviated by counseling and med[ication]s," and none of which appear to have ever altered his treatment providers' grossly normal objective examination findings. (Dkt. #6 at 259-64, 281-82, 283-84, 285-86, 287-88, 289-90, 355-56, 357-58, 359-60, 361-62, 364, 367, 410-11).

In short, the record indicates that plaintiff's mental health treatment was effective in managing and improving his symptoms, and does not support plaintiff's claim that his alleged mental health impairments "ha[d] more than a minimal effect on his ability to work." SSR 85-28, 1985 SSR LEXIS 19 at \*9. *See generally Zongos v. Colvin*, 2013 U.S. Dist. LEXIS 185542 at \*10-\*11 (N.D.N.Y. 2013) (ALJ's failure to apply correct standard at Step 2 is harmless where "[n]othing in the medical evidence supports a finding that [plaintiff's alleged impairment] cause[d] any functional limitation of ability to perform work-related activities"). The ALJ's conclusion that

plaintiff's mental health issues did not cause greater than minimal limitations was supported by substantial evidence.

Even assuming *arguendo* that the ALJ erred in failing to find that plaintiff's mental health impairments were severe, and thus failed to appropriately credit the nonexertional limitations described in the medical opinions of record – the only such limitation being the "mild" limitation in decision-making opined by Dr. Santarpia – such error was harmless. Even if the ALJ found that plaintiff was mildly limited in decision-making, plaintiff's past relevant work as a janitor, which was one of the suitable positions identified by the vocational expert in response to the ALJ's RFC hypothetical, can still be performed by persons with such a limitation. *See e.g.*, *Lawrence W. v. Commissioner*, 2018 U.S. Dist. LEXIS 159514 at *12 (N.D.N.Y. 2018) (janitor position can be performed by person limited to only simple, work-related decision-making); *Pagan v. Colvin*, 2016 U.S. Dist. LEXIS 134783 at *19 (S.D.N.Y. 2016)(same); *Fuentes v. Colvin*, 2015 U.S. Dist. LEXIS 17915 at *18 (W.D.N.Y. 2015)(same).

**II.     The RFC Determination**

Plaintiff also argues that the ALJ erred in formulating plaintiff's exertional RFC.

First, plaintiff argues that the ALJ granted "significant" weight to the opinion of consulting ophthalmologist Dr. Theodore P. Prawak, but failed to incorporate Dr. Prawak's opinion that plaintiff could not "climb heights" into his RFC finding, which allowed for "occasional" climbing of ladders, ropes and scaffolds. (Dkt. #6 at 20, 23, 294-96).

Even assuming *arguendo* that the ALJ erred in failing to include a limitation to "no" climbing in his RFC determination rather than "occasional" climbing, such error is harmless. At the hearing, the ALJ asked the vocational expert whether an individual who must avoid climbing ladders, ropes and scaffolds could work. The vocational expert testified that such a restriction

would not prevent a person from performing plaintiff's past relevant work as a janitor, or the representative additional positions of patient transporter, pallbearer, or cleaner. (Dkt. #6 at 58-63). Furthermore, the positions of janitor and cleaner could be performed by an individual with even greater visual limitations than the ALJ found – specifically, someone with no vision in the right eye, no depth perception, and limited field of vision in the left eye. (Dkt. #6 at 59-60, 64-67).

Plaintiff further contends that the ALJ's grant of "some" weight to the opinion of consulting physician Dr. Samuel Balderman was erroneous, because Dr. Balderman's September 22, 2016 opinion that plaintiff has "minimal physical limitations" was unduly vague and did not describe plaintiff's limitations in functional terms.

While plaintiff is correct that Dr. Balderman's use of the term "minimal physical limitations" was vague on its face, Dr. Balderman's opinion was not rendered useless thereby, since it was supported by an objective physical examination with a host of detailed findings. *See Varnum v. Colvin*, 2016 U.S. Dist. LEXIS 118487 at *52 (W.D.N.Y. 2016)("the use of imprecise phrases by a consultative examiner does not automatically render an opinion impermissibly vague," where it is "otherwise supported by clinical findings, an examination of the claimant, or other objective evidence in the record")(citing *Rosenbauer v. Astrue*, 2014 U.S. Dist. LEXIS 117519 (W.D.N.Y. 2014)(collecting cases)). Here, Dr. Balderman's failure to specifically describe plaintiff's limitations appears to have simply been the result of not having found *evidence of any limitations* during his examination of plaintiff. Dr. Balderman listed plaintiff's diagnoses as prior hernia repair and current marijuana use, and his objective findings were entirely unremarkable: plaintiff's gait was normal, with normal stance, full squat, able to walk on heels and toes without difficulty, full spinal flexion and extension, full range of motion in shoulders, hips, knees, and ankles, full strength in extremities and hands, and full dexterity. In short, Dr. Balderman's

examination found no abnormalities that would be expected to result in any particular exertional limitations. (Dkt. #6 at 305-07).

Furthermore, Dr. Balderman's examination findings were consistent with, and cumulative of, other substantial evidence of record. The record was well-developed with respect to plaintiff's claimed impairments, and included all of his medical records, as well as the opinions of other treating and examining physicians, none of which contradicted Dr. Balderman's objective findings. Taken together, the record supports the ALJ's RFC finding, and there was no gap or unexplained contradiction between Dr. Balderman's examination findings and his conclusion of "minimal" limitations that would have required the ALJ to recontact Dr. Balderman, or to otherwise supplement the record with additional medical opinion evidence.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #8) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #10) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 20, 2021.